*Revised March 2021*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------  X
                                                           :
                                                           :   CIVIL ACTION NO.:
                                                           :
                           Plaintiff,                      :
                                                           :
                                                           :
        against                                            :
                                                           :
                                                           :
                                                           :
                                                           :
                                                           :
                           Defendant.                      :
                                                           :
                                                           :
---------------------------------------------------------  X
```

**PROPOSED CASE MANAGEMENT PLAN AND REPORT OF RULE 26(f) MEETING**

**Court Expectations**

**Rule 1 and Rue 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence.** Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

Counsel are directed to the Model Confidentiality Stipulation and Order and Discussion Topics for Rule 26(f) Conference on Judge Parker's Individual Practices Page.

Counsel represent by their signature below that they have read and will comply with the above.

*Revised March 2021*

## Proposed Discovery Plan

**In accordance with Federal Rule of Civil Procedure 26(f) and Judge Parker's Individual Rules, the parties met on** 08/24/2022 and 10/6/2022 (at least one week before the Initial Case Management Conference) and are exchanging communications thereafter. At least one week before the Initial Case Management Conference, the parties submit the following report for the Court's consideration:

## 2. Summary of Claims, Defenses, and Relevant Issues

Plaintiff:

Plaintiff brings this action, on both an individual basis and on behalf of a nationwide class, against defendant The Tree Center LLC ("Defendant") for violations of the Americans with Disabilities Act ("ADA") and New York City Human Rights Law ("NYCHRL"). Specifically, Defendant failed to design the website that it owns and operates, www.thetreecenter.com, to be equally accessible to the visually impaired as it is to sighted individuals.

Defendant's website offers an array of goods that consumers can purchase online such as trees, shrubs, and plants. Defendant's website also provides information about itself and the goods it sells.

Plaintiff is legally blind and uses a screen-reader. Defendant's website is not properly designed and operated to be read by screen-reading software. Because of this, Plaintiff encountered multiple barriers that denied Plaintiff access to the website equal to the access sighted individuals enjoy. Plaintiff could not, for example, learn about the goods and services offered for purchase on Defendant's website.

Plaintiff alleges that Defendant's website is a "place of public accommodation" under the ADA and a "place or provider of public accommodation" under the NYCHRL. "A commercial website itself qualifies as a place of "public accommodation" to which Title III of the ADA affords a right of equal access." Del-Orden v. Bonobos, Inc., No. 1:17-cv-02744 (PAE), 2017 U.S. Dist. LEXIS 209251, at *20 (S.D.N.Y. Dec. 20, 2017).

Defendant:

Defendant's position is that plaintiff is a serial ADA filer, suing companies en masse for allegedly inaccessible websites with non-specific, boilerplate allegations. Defendant believes it is unlikely that plaintiff is a bona fide plaintiff with standing to bring the claims asserted, doubts that he has suffered any actual damages, and further disputes that its website poses the accessibility barriers that plaintiff alleges. Defendant also denies that it is a place of public accommodation governed by Title III of the ADA. See Winegard v. Newsday LLC, 556 F. Supp. 3d 173 (E.D.N.Y. 2021)., Suris v. Gannett Co., 2021 WL 2953218 (E.D.N.Y. July 14, 2021) and Martinez v. MyLife.com, Inc., 2021 WL 5052745 (E.D.N.Y. Nov. 1, 2021).

All of these cases, as well as five circuit courts of appeal, have held that a "place of public accommodations" must be a physical place, and that a website for an online business with no public facing brick & mortar location is not subject to the ADA. Pallozzi does not hold to the contrary — it was a case about an insurance office, which is expressly defined in the statute to be a place of public accommodation — and the issue is unresolved in the Second Circuit. NYCHRL claims are evaluated under the same standard as the ADA. Defendant also disputes that the WCAG guidelines cited by plaintiff in his complaint are required for compliance with the cited statutes.

Additionally, defendant contends that even if plaintiff's claims had merit on an individual basis, he cannot meet the Fed. R. Civ. P. 23 standards for certifying this case as a class action.

## 3. Basis of Subject Matter Jurisdiction: This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's NYCHRL claims.

*Revised March 2021*

4.  **Subjects on Which Discovery May Be Needed**

Plaintiff(s):
_____
_____
_____
_____
_____

Defendant(s):
_____
_____
_____
_____
_____

5.  **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was ***disclosed by Plaintiff(s)*** on _____. In addition, on _____, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was ***disclosed by Defendant(s)*** on _____. In addition, on _____, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

6.  **Formal Discovery**

    The parties jointly propose to the Court the following discovery plan:

    All fact discovery must be completed by _____.

    ***The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in 3(a) above.***

      a.      <u>Depositions</u>: Depositions shall be completed by _____ and limited to no more than \_\_\_\_\_ depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

      b.      <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before _____. All subsequent interrogatories must be served no later than 30 days prior to the discovery deadline.

      c.      <u>Requests for Admission</u>: Requests for admission must be served on or before _____.

      d.      <u>Requests for Production</u>: Initial requests for production were/will be exchanged on _____ and responses shall be due on _____. All subsequent requests for production must be served no later than 30 days prior to the discovery deadline.

      e.      <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

7.    **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

_____
_____
_____

8.    **Amendments to Pleadings**

      a.      Are there any amendments to pleadings anticipated?_____

      b.      Last date to amend the Complaint: _____

*Revised March 2021*

9. **Joinder of Parties**

   a. Are there other necessary parties that need to be joined? Y/**N**

   b. Is joinder of other parties anticipated? _____

   c. Last date to join other parties: _____

10. **Expert Witness Disclosures**

At this time, the parties **do**/do not (circle one) anticipate utilizing experts.  Expert discovery shall be completed by _____.

11. **Electronic Discovery and Preservation of Documents and Information**

   a. Have the parties discussed electronic discovery? _____

   b. Is there an electronic discovery protocol in place?  If not, when the parties except to have one in place? _____

   c. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

   _____
   _____
   _____

12. **Anticipated Motions**

   _____
   _____
   _____

13. **Early Settlement or Resolution**

The parties **have**/have not (circle one) discussed the possibility of settlement.  The parties request a settlement conference by no later than _____.

*Revised March 2021*

The following information is needed before settlement can be discussed:

_____
_____
_____

14. **Trial**

    a. The parties anticipate that this case will be ready for trial by _____.

    b. The parties anticipate that the trial of this case will require _____ days.

    c. The parties request a jury/bench (circle one) trial.

    d. The parties consent/do not consent (circle one) to Magistrate Judge jurisdiction at this time.

15. **Other Matters**

_____
_____
_____

**The parties are advised that they may consent to Magistrate Judge jurisdiction at any time during the case pursuant to 28 USC § 636(c). To consent to Magistrate Judge jurisdiction for all purposes or specific dispositive motions, please utilize the consent form on Judge Parker's Individual Practices Webpage.**

Respectfully submitted this _____ day of _____, 20____.

ATTORNEYS FOR PLAINTIFF(S):             ATTORNEYS FOR DEFENDANT(S):

_____                 _____