

**STEIN & NIEPORENT LLP**
1441 Broadway, Suite 6090
New York, NY 10018
(212) 308-3444 Main
(212) 836-9595 Fax
www.steinllp.com

David Stein: DSTEIN@STEINLLP.COM
(admitted in NY, NJ, PA, DC, IL)

David Nieporent: DNIEPORENT@STEINLLP.COM
(admitted in NY, NJ)

October 21, 2022

**VIA ECF**

Hon. Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

>  Re:   **Mejia v. The Tree Center LLC**
>         *Case No. 22-cv-5794 (PGG) (KHP)*

Dear Judge Gardephe::

    We represent defendant The Tree Center LLC in the above-referenced matter, and we submit this letter pursuant to paragraph IV.A. of Your Honor's Individual Rules and Practices to request a pre-motion conference in this case for the purpose of making a motion to dismiss. Defendant seeks to move to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6).

    This case was brought under the Americans with Disabilities Act (and parallel New York City law), and represents just one of hundreds of cookie-cutter website accessibility lawsuits filed each month by a handful of plaintiffs/plaintiffs' attorneys in this district. It alleges that defendant violated the ADA in that its website was in some way not accessible to plaintiff, who is purportedly blind or visually impaired. Like all of these lawsuits, the original complaint in this case was conclusory and boilerplate, containing generic phrases such as "The main reason Plaintiff visited the website was to, *inter alia*, purchase products, goods, and/or services."

    However, in anticipation of defendant's intended motion, plaintiff filed an amended complaint that addressed some of the pleading deficiencies. While the complaint's allegations are still rather insubstantial, they are probably sufficient at the pleadings stage. As such, defendant's intended motion focuses on the question of whether the amended complaint states a claim upon which relief can be granted. Defendant's contention is that it does not, because the website in question is not a place of public accommodation covered by the Americans with Disabilities Act. Specifically, it is a standalone website that lacks any connection to a public facing brick and mortar business. Numerous courts — including five circuit courts of appeal — have held that Title III of the ADA, pursuant to which this lawsuit has been brought, does not cover such intangible businesses, but only physical places of public accommodation.

Hon. Paul G. Gardephe, U.S.D.J.
October 21, 2022
Page 2 of 2

  Plaintiff will *attempt* to portray this as a settled legal question, and therefore argue that defendant's motion is moot or a waste of the Court's time. There is no controlling law in the Second Circuit as to that argument, and the district court judges in this circuit are split on the issue. The majority of circuit courts of appeal to have considered the issue have found that the ADA only applies to physical businesses. While a strict counting of district court decisions in this circuit would come out in plaintiff's favor, defendant believes that the most comprehensive analysis of the actual statutory text, decided just last year, was *Winegard v. Newsday LLC*, 556 F. Supp. 3d 173 (E.D.N.Y. 2021). In addition, two other cases handed down last year, *Suris v. Gannett Co.*, 2021 WL 2953218 (E.D.N.Y. July 14, 2021) and *Martinez v. MyLife.com, Inc.*, 2021 WL 5052745 (E.D.N.Y. Nov. 1, 2021) agreed with the *Winegard* analysis.

  Most of the cases upon which plaintiff is likely to rely are either dicta (because they did not address standalone websites as opposed to websites connected to physical brick and mortar businesses), or fail to grapple with the *Winegard* analysis, instead relying on policy arguments rather than statutory analysis. Defendant's proposed motion presents this court with an opportunity to take a fresh look at the statute and reach its own conclusion as to the best interpretation of the law.

  Finally, the same analysis described above applies under New York City law, and thus plaintiff's claims should be dismissed on that basis; even if the analysis did not, defendant would argue in the alternative that the court should not accept supplemental jurisdiction over that claim if it dismissed plaintiff's federal claims. Indeed, because plaintiff's claims under the ADA are purely for injunctive relief, the New York City law claims, which allow for damages, are likely to predominate over federal claims. In addition, there are other pleading deficiencies with respect to plaintiff's state law claims, in that they seek relief to which they are not entitled under the governing law.

  We thank the Court for its attention to this matter. We are available at Your Honor's convenience if the Court has any questions, and we look forward to fully briefing these issues for the Court's consideration.

            Respectfully submitted,

            David Stein

cc:  Edward Y. Kroub, Esq. (via ECF)