# EXHIBIT A



Edward Y. Kroub – Partner
225 Broadway, 39th Floor
New York, NY 10007
P: (212) 595-6200
F: (212) 595-9700
ekroub@mizrahikroub.com

January 17, 2023

**VIA Email**

David Stein
Stein & Nieporent LLP
1441 Broadway Suite 6090
New York, NY 10018
Dstein@steinllp.com

Re:   *Mejia v. The Tree Center LLC,* Case No. 1:22-cv-05794 (PGG) (KHP)

Dear David Stein:

We represent plaintiff Richard Mejia ("Plaintiff") in the above-referenced class action. We write to inform you that Plaintiff intends to file a motion to compel defendant The Tree Center LLC's ("Defendant") discovery responses to Plaintiff's Interrogatories or Requests for Production, pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). To date, Defendant has not responded to either, despite the fact that they were served on December 12, 2022. As such, it is Plaintiff's position that Defendant has waived all objections to the Interrogatories and Requests for Product, based on its untimely responses. *See Silva v. Cofresi*, No. 13 3200 CM JCFR, 2014 WL 3809095, at *6 (S.D.N.Y. Aug. 1, 2014); *Cohalan v. Genie Industries, Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011). Plaintiff also intends to challenge the sufficiency of Defendant's objections to Plaintiff's Requests for Admission, pursuant to Fed. R. Civ. P. 36(a)(6).

This letter is Plaintiff's attempt to meet and confer in an effort to resolve these issues without judicial intervention. Accordingly, please provide three times within the next day that you are available to discuss these issues.

1. **Response to RFA Number 4**

Defendant's compound objection is improper, and Plaintiff will challenge Defendant's response to the extent it is based on a misunderstanding of the request for admission. Defendant misunderstands what is a compound request. A request for admittance is compound if it joins two or more questions. The fact that a Website has multiple elements does not make this question compound. If even of the elements of the Website fails to comply with the guidelines set forth in the WCAG 2.1, then Defendant must admit to the request.

To the extent that Defendant also objects to this request because, as it argues that compliance with the WCAG 2.1 is treated as a percentage of compliance and not as a binary issue, Plaintiff also challenges it. This requests simply asks whether any element of the Website fails to meet any of the standards set forth in the WCAG 2.1. The Defendant mistakes the request for a

MIZRAHI KROUB
LLP

David Stein
January 17, 2023
Page 2

request if the Website would be found accessible if it were subject to a WCAG 2.1 audit.  This request for admission does not ask that.

### 2. Response to RFA Number 5

Plaintiff will challenge this response for the same reason it will challenge Defendant's response to RFA Number 4.

### 3. Response to RFA Number 6

Once again Defendant misunderstands the meaning of a compound request, and for this reason, Plaintiff will challenge Defendant's response to the extent it is based on a misunderstanding of the request for admission.  If any of the Website's coding features lack "alt text," then the Defendant must admit.

### 4. Response to RFA Number 7

Plaintiff will challenge this response for the very same reason it will challenge Defendant's response to RFA Number 6.  If the Website lacks a label element or title attribute for any field on the Website, then the Defendant must admit.

### 5. Response to RFA Number 8

Plaintiff will challenge this response for the very same reason it will challenge Defendant's response to RFA Numbers 6 and 7.  If the Website's coding contains any duplicate title elements, then the Defendant must admit.

### 6. Response to RFA Number 11

Plaintiff will challenge Defendant's response to the extent it is based on a misunderstanding of the request for admission, as its definition of "Equally Accessible" is clearly defined.  Plaintiff's definition is not circularly.  It relies on the on the plain definitions of both "equally" and "accessible."  According to the Merriam-Webster Dictionary, the term "equally" means "to equal degree."  The term "accessible" means "capable of being used or seen."  Therefore, "equally accessible" means that the Website is capable of being used by blind and/or visually impaired individuals in an equal degree to its capability of being used by individuals with sight.

### 7. Response to RFA Number 12

Plaintiff will challenge this response for the very same reason it will challenge Defendant's response to RFA Number 11.

MIZRAHI KROUB
LLP

David Stein
January 17, 2023
Page 3

    **8.**    **Response to RFA Number 13**

Plaintiff will challenge Defendant's response to the extent it is based on a misunderstanding of the request for admission. The term "corporate policy" need not be defined. The term "corporate" here is an adjective, that plainly means "of, for, or belonging to" the Defendant, as a company. The term "policy" is a term well defined under the law, and specifically, under the ADA, which makes it illegal for a company to have discriminatory policies or practices.

Additionally, to the extent that this response makes the same objections as made in Defendant's response to RFA Numbers 11 and 12, Plaintiff will challenge that objection for the same reasons as stated above.

    **9.**    **Response to RFA Number 14**

Plaintiff will challenge this response for the same reason it will challenge Defendant's response to RFA Numbers 11, 12, and 13.

    **10.**    **Response to RFA Number 15**

Plaintiff will challenge this response for the same reason it will challenge Defendant's response to RFA Numbers 11, 12, 13, and 14.

    **11.**    **Response to RFA Number 16**

Plaintiff will challenge this response for the same reason it will challenge Defendant's response to RFA Numbers 11, 12, 13, 14, and 15.

    **12.**    **Response to RFA Number 19**

Plaintiff will challenge Defendant's response. If the website is "equally accessible," as the Defendant claims that it is, then it should know the cost to make it "equally accessible."

    **13.**    **Response to RFA Number 20**

Plaintiff will challenge this response for the same reason it will challenge Defendant's response to RFA Number 19.

Additionally, to the extent that Defendant objects to this RFA for other reasons than stated in response to RFA Number 19, Plaintiff will challenge this as well. The term "significant" is not integral to the RFA, and whether it is vague or not should not affect Defendant's ability to respond. If the Website has generated revenue greater than the cost of making the Website equally accessible, then Defendant must admit. There need not be a specific time period on this request, nor would it make sense to add one. One cannot look at either revenue or the cost of making a website accessible in a vacuum.

MIZRAHI KROUB
LLP

David Stein
January 17, 2023
Page 4

We look forward to hearing from you soon.

Respectfully submitted,

*/s/ Edward Y. Kroub*
EDWARD Y. KROUB
Attorney for Plaintiff