# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**STEIN & NIEPORENT LLP**
David Stein (DS 2119)
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444

Attorneys for Defendant

| | |
|---|---|
| Richard Mejia, Individually, and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>- vs. –<br><br>The Tree Center LLC,<br><br>Defendant. | DOCKET NO. 22-cv-5794 (PGG) (KHP)<br><br>**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION** |

Defendant The Tree Center LLC, by and through its undersigned attorneys, hereby responds to plaintiff's First Requests for Admission as follows, based on the information reasonably available to defendant at this time, and reserving all objections, whether to relevance, admissibility, form, or otherwise:

### SPECIFIC RESPONSES

1) Admit that Defendant owns the Website.

    Admitted.

2) Admit that Defendant operates the Website.

    Admitted.

3) Admit that Defendant's Website offers access to its goods to consumers throughout the United States, including New York.

    Admitted.

4) Admit that Defendant's Website was not WCAG 2.1 compliant as of the date this action was filed.

    Defendant objects to this request as it is a compound request relying on an undefined term, "compliant with the WCAG 2.1." For example, if there are several hundred

elements on the website and one of them does not meet the standards described by the WCAG guidelines, would that make the entire Website "not compliant with the WCAG 2.1"? As plaintiff is undoubtedly aware, audits for WCAG compliance generally give percentage results rather than treating compliance as binary. Moreover, defendant objects that WCAG 2.1 are mere non-binding guidelines, and therefore there is no "compliance" to be had with them. Subject to and without waiving these objections, defendant denies that its website failed to meet the principles and criteria set forth in WCAG 2.1.

5) Admit that Defendant's Website is not currently WCAG 2.1 compliant.

Defendant objects to this request as it is a compound request relying on an undefined term, "compliant with the WCAG 2.1." For example, if there are several hundred elements on the website and one of them does not meet the standards described by the WCAG guidelines, would that make the entire Website "not compliant with the WCAG 2.1"? As plaintiff is undoubtedly aware, audits for WCAG compliance generally give percentage results rather than treating compliance as binary. Moreover, defendant objects that WCAG 2.1 are mere non-binding guidelines, and therefore there is no "compliance" to be had with them. Subject to and without waiving these objections, defendant denies that its website fails to meet the principles and criteria set forth in WCAG 2.1.

6) Admit that the Website's coding features lacks "alt text" (i.e. the code embedded beneath a graphical image)

Defendant objects to this request as it constitutes a compound request, asking about many pages and images in a single inquiry. Subject to and without waiving this objection, and based on a reasonable and diligent inquiry, defendant denies this request.

7) Admit that the Website lacks a label element or title attribute for fields on the Website.

Defendant objects to this request as it constitutes a compound request, asking about numerous fields in a single inquiry. Subject to and without waiving this objection, and based on a reasonable and diligent inquiry, defendant denies this request.

8) Admit that the Website's coding contains duplicate title elements.

Defendant objects to this request as it constitutes a compound request, asking about hundreds of pages in a single inquiry. Subject to and without waiving this objection, and based on a reasonable and diligent inquiry, defendant denies this request.

9) Admit that the Website's coding contains hyperlinks to empty webpages.

Denied.

10) Admit that the Website's coding contains hyperlinks to non-existent webpages.

Denied.

11) Admit that the Website is currently not Equally Accessible.

Defendant objects to this request as vague. The term "Equally Accessible" is defined only circularly as "equally accessible," and it is not clear what it means to be "equally" accessible, as opposed to accessible. Defendant denies that its website is currently not accessible.

12) Admit that the Website was not Equally Accessible as of the onset of this Litigation.

Defendant objects to this request as vague. The term "Equally Accessible" is defined only circularly as "equally accessible," and it is not clear what it means to be "equally" accessible, as opposed to accessible. Defendant denies that its website was not accessible as of the onset of this litigation.

13) Admit that You did not, at all times during the Class Period, have a corporate policy regarding the operation of Your Website to be Equally Accessible.

Defendant objects to this request in that the term "corporate policy" is undefined. Defendant further objects that the term Equally Accessible" is defined only circularly as "equally accessible," and it is not clear what it means to be "equally" accessible, as opposed to accessible. Without waiving these objections, plaintiff admits that it did not have such a formal corporate policy at all times during the Class Period.

14) Admit that You did not, at all times during the Class Period, have a corporate policy regarding the maintenance of Your Website to be Equally Accessible.

Defendant objects to this request in that the term "corporate policy" is undefined. Defendant further objects that the term Equally Accessible" is defined only circularly as "equally accessible," and it is not clear what it means to be "equally" accessible, as opposed to accessible. Without waiving these objections, plaintiff admits that it did not have such a formal corporate policy at all times during the Class Period.

15) Admit that You do not presently have a corporate policy regarding the operation of Your Website to be Equally Accessible.

Defendant objects to this request in that the term "corporate policy" is undefined. Defendant further objects that the term Equally Accessible" is defined only circularly as "equally accessible," and it is not clear what it means to be "equally" accessible, as opposed to accessible. Without waiving these objections, plaintiff denies that it does not presently have such a corporate policy.

16) Admit that You do not presently have a corporate policy regarding the maintenance of Your Website to be Equally Accessible.

Defendant objects to this request in that the term "corporate policy" is undefined. Defendant further objects that the term Equally Accessible" is defined only circularly as "equally accessible," and it is not clear what it means to be "equally" accessible, as opposed to accessible. Without waiving these objections, plaintiff denies that it does not presently have such a corporate policy.

17) Admit that the Website has features that are modified on a daily basis.

Denied.

18) Admit that You lack plans and policies reasonably calculated to make Your Website Equally Accessible to visually-impaired people.

Denied.

19) Admit that the sums that You have invested sums in the Website, including, but not limited to sums invested during the development and maintenance of the Website," are greater than the cost of making Your Website Equally Accessible.

Defendant objects to this request in that it misleadingly implies that the Website is not currently accessible to blind and visually impaired customers according to the applicable legal standard(s). With respect to the portion of this request relating to financial issues, defendant admits that it has invested sums in the development and maintenance of the Website, but defendant is unable to answer this request at this time as it does not know the cost of making the website Equally Accessible.

20) Admit that You have generated significant revenues from the Website that are greater than the cost of making Your Website Equally Accessible.

Defendant objects to this request in that it misleadingly implies that the Website is not currently accessible to blind and visually impaired customers according to the applicable legal standard(s). With respect to the portion of this request relating to financial issues, defendant objects to the term 'significant' revenues as vague, and also objects that the request fails to specify a time period for which these generated revenues are to be computed, but admits that it has generated revenues from the Website. However, defendant is unable to answer this request at this time as it does not know the cost of making the website Equally Accessible.

21) Admit that Defendant sold goods to consumers in New York through its Website.

Admitted.

Dated: October 24, 2022

_____
David Stein
STEIN & NIEPORENT LLP
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444

Attorneys for Defendant

## **AFFIRMATION OF SERVICE**

      The undersigned hereby affirms under penalty of perjury that on the date below he caused defendant's response to plaintiff's First Requests for Admission to be served by email on counsel for plaintiff.

_____
DAVID STEIN

Dated: October 24, 2022