MIZRAHI ✖ KROUB LLP

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #:_____
DATE FILED:_ 02/01/2023 _

ey – Associate
way, 39th Floor
York, NY 10007
(212) 595-6200
(212) 595-9700
rahikroub.com

January 31, 2023

<u>**VIA ECF**</u>

The Honorable Katharine H. Parker
United States District Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Mejia v. The Tree Center, LLC*; <u>Case No. 1:22-cv-05794 (PGG) (KHP)</u>

Dear Magistrate Judge Parker:

We represent plaintiff Richard Mejia ("Plaintiff") in the above-referenced action and write to respectfully request a pre-motion conference to compel defendant The Tree Center, LLC ("Defendant") to respond to discovery requests.[1]  We tried numerous times to resolve these discovery disputes prior to seeking judicial intervention, but unfortunately, Defendant's counsel has explicitly refused to engage with Plaintiff's counsel.  *See generally* Ex. A (Plaintiff's meet and confer letter to Defendant); Ex. B (emails between Plaintiff's and Defendant's counsel regarding discovery disputes and requests).

ADA website accessibility cases normally settle in their nascent stages for obvious reasons. In its January 11, 2023 Order, the Court graciously raises the prospects of hosting a settlement conference – Plaintiff believes that would be fruitful once Defendant responds to discovery, yet, to this point, Defendant has refused to engage in any settlement discussions.  *See* Docket No. 34.

**<u>Defendant failed to respond to Plaintiff's Requests for Production and Interrogatories</u>**

Plaintiff requests an order compelling Defendant to produce relevant documents and to respond to interrogatories pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).  To date, Defendant has completely failed to respond to either, which were served on December 12, 2022.  Plaintiff requests an order to compel responses and an order that all objections to the Interrogatories and Requests for Production are waived based on its untimely responses. *See* Fed. R. Civ. P. 33(b)(4); *Silva v. Cofresi*, No. 13 3200 CM JCFR, 2014 WL 3809095, at *6 (S.D.N.Y. Aug. 1, 2014); *Cohalan v. Genie Industries, Inc.*, 276 F.R.D. 161, 163-64 (S.D.N.Y. 2011) (explaining that a failure to respond to a discovery request in a timely manner waives any available objection when a party failed entirely to respond).

---

[1] If the Court requires any of Plaintiff's discovery requests, and/or Defendant's responses to Plaintiff's Requests for Admission, Plaintiff can supply that to the Court upon request.

MIZRAHI KROUB
LLP

Hon. Katharine H. Parker
January 31, 2023
Page 2

## Defendant's blanket objections to Plaintiff's Requests for Admission are improper

Plaintiff requests an order compelling Defendant to respond to Plaintiff's Requests for Admission ("RFA") pursuant to Fed. R. Civ. P. 36(a)(6).  While Defendant has responded to Plaintiff's RFA, Plaintiff challenges the sufficiency of Defendant's objections to Plaintiff's requests as follows.  *See* Ex. C (Defendant's responses to Plaintiff's RFAs).

**Defendant's Response to RFA Number 4**: Defendant's compound objection is improper, and Plaintiff challenges Defendant's response to the extent it is based on a misunderstanding of the request for admission.  Defendant misunderstands the concept of a compound request.  A request for admittance is compound if it joins two or more questions.  The fact that a Website has multiple elements does not make this question compound.  If even one of the Website's elements fails to comply with the guidelines set forth in the WCAG 2.1, then Defendant must admit to the request.

To the extent that Defendant also objects to this request since compliance with the WCAG 2.1 is treated as a percentage of compliance and not as a binary issue, Plaintiff also challenges it. This request simply asks whether any element of the Website fails to meet any of the standards set forth in the WCAG 2.1.  Seemingly, Defendant mistakenly presumes that this request asks whether the Website would be found accessible if it were subject to a WCAG 2.1 audit; but this is not the inquiry.

**Defendant's Response to RFA Number 5**: Plaintiff challenges this response for the same reason it challenges Defendant's response to RFA Number 4.

**Defendant's Response to RFA Number 6:** Once again Defendant misunderstands the meaning of a compound request, and for this reason, Plaintiff challenges Defendant's response to the extent it is based on a misunderstanding of the request for admission.  If any of the Website's coding features lack "alt text," then Defendant must admit.

**Defendant's Response to RFA Number 7:** Plaintiff challenges this response for the very same reason it challenges Defendant's response to RFA Number 6.  If the Website lacks a label element or title attribute for any field on the Website, then Defendant must admit.

**Defendant's Response to RFA Number 8:** Plaintiff challenges this response for the very same reason it challenges Defendant's response to RFA Numbers 6 and 7.  If the Website's coding contains any duplicate title elements, then Defendant must admit.

**Defendant's Response to RFA Number 11:** Plaintiff challenges Defendant's response to the extent it is based on a misunderstanding of the request for admission, as its definition of "Equally Accessible" is clearly defined.  Plaintiff's definition is not circular; it relies on the plain-English definitions of both "equally" and "accessible."  According to the Merriam-Webster Dictionary, the term "equally" means "to equal degree."  The term "accessible" means "capable of being used or seen."  Therefore, "equally accessible" means that the Website is capable of being

MIZRAHI KROUB
LLP

Hon. Katharine H. Parker
January 31, 2023
Page 3

used by blind and/or visually impaired individuals in an equal degree to its capacity of use by sighted people .

**Defendant's Response to RFA Number 12:** Plaintiff challenges this response for the very same reason it challenges Defendant's response to RFA Number 11.

**Defendant's Response to RFA Number 13:** Plaintiff challenges Defendant's response to the extent it is based on a misunderstanding of the request for admission. The term "corporate policy" need not be defined.  The term "corporate" here is an adjective, that plainly means "of, for, or belonging to" the Defendant, as a company.  The term "policy" is a term well defined under the law, and specifically, under the ADA, which makes it illegal for a company to have discriminatory policies or practices.

Additionally, to the extent that this response makes the same objections as made in Defendant's response to RFA Numbers 11 and 12, Plaintiff challenges that objection for the same reasons as stated above.

**Defendant's Response to RFA Number 14:** Plaintiff challenges this response for the same reason it challenges Defendant's response to RFA Numbers 11, 12, and 13.

**Defendant's Response to RFA Number 15:** Plaintiff challenges this response for the same reason it challenges Defendant's response to RFA Numbers 11, 12, 13, and 14.

**Defendant's Response to RFA Number 16:** Plaintiff challenges this response for the same reason it challenges Defendant's response to RFA Numbers 11, 12, 13, 14, and 15.

**Defendant's Response to RFA Number 19:** Plaintiff challenges Defendant's response. If the website is "equally accessible," as the Defendant claims that it is, then it should know the cost to make it "equally accessible."

**Defendant's Response to RFA Number 20:** Plaintiff challenges this response for the same reason it challenges Defendant's response to RFA Number 19.

Additionally, to the extent that Defendant objects to this RFA for other reasons than stated in response to RFA Number 19, Plaintiff challenges this as well.  The term "significant" is not integral to the RFA, and whether it is vague should not affect Defendant's ability to respond.  If the Website has generated revenue greater than the cost of making the Website equally accessible, then Defendant must admit.  There need not be a specific time period on this request, nor would it make sense to add one.  One cannot look at either revenue or the cost of making a website accessible in a vacuum.

We thank the Court for its consideration of the above requests.

MIZRAHI KROUB
LLP

Hon. Katharine H. Parker
January 31, 2023
Page 4

Respectfully submitted,

*/s/ Erin Kelley*
ERIN KELLEY

cc: All Counsel of Record (via ECF)

---

The Court finds that no pre-motion conference is necessary.  The parties are directed to meet and confer by telephone or in person by **Friday, February 3, 2023** in an attempt to narrow or resolve the discovery disputes.  In the event the parties are unable to resolve the disputes on their own, by **Monday, February 6, 2023**, Defendants shall file a letter of no more than four pages (exclusive of any exhibits) stating its position regarding the disputes (as narrowed by the meet and confer process).  If needed, the Court will then set a briefing schedule for a motion to compel.  The parties are reminded that the discovery deadline is **Tuesday, February 28, 2023**.

A Case Management Conference is scheduled on **Wednesday, February 22, 2023 at 11:30 a.m.** in Courtroom 17D, United States Courthouse, 500 Pearl Street, New York, NY.

---

**SO ORDERED:**

*Katharine H Parker*

**HON. KATHARINE H. PARKER**
**UNITED STATES MAGISTRATE JUDGE** 02/01/2023